# William C. Busch v. John Donohue.

*Grant in presenti: Identification of lands: Patents.* The federal act of 1850 (*9 Stat. at Large, 519*), providing that certain swamp lands "shall be, and are hereby granted" to certain states, is a grant *in presenti*, needing only the identification of the lands to make it effective, and sufficient to give title, even without a patent, which is only evidence of title. The listing of these lands by the secretary of the interior is held sufficient identification.

*Grants to state: Title.* A grant by congress to a state is no more subject to be recalled at the will of congress than a grant to an individual.

31 MICH.—61.

*Patents: Relation.* Even if a patent were requisite to transfer the legal title under said act, it would, when given, relate back, for all purposes of cutting off intervening claimants, to the time when the right to the patent became perfected.

*Preemptioners: Title.* Preemption claims do not preclude the government from disposing of the land until the preemptioner shall have made payment for the same.

*Heard April 15.* *Decided April 20.*

Error to Saginaw Circuit.

*Gaylord & Hanchett,* for plaintiff in error.

*D. P. Foote* and *D. C. Holbrook,* for defendant in error.

COOLEY, J.

This is a controversy between claimants under conflicting grants by the United States. The lands which are the subject of the litigation were swamp lands, and the plaintiff's claim is that they were conveyed to the state by the act of congress " to enable the state of Arkansas and other states to reclaim the swamp lands within their limits," approved September 28, 1850.—*9 Stat. at Large, 519.* That act by its first section provided that the whole of the swamp and overflowed lands made unfit thereby for cultivation and remaining unsold " shall be and the same are hereby granted" to the states in which they are situate. By the second section it was made the duty of the secretary of the interior to prepare and transmit to the governor accurate lists and plats of the land, and at the request of the governor to cause a patent to be issued to the state therefor, and it was further provided that "on that patent the fee simple to said lands shall vest" in the state.

The question of law in the case relates to the time when the title actually vested in the state under the act referred to, if it ever vested at all. Lists of swamp lands, including the parcel in dispute, were made and duly approved by the secretary of the interior June 25, 1853, but the patent

was not issued until February 12, 1855. Meantime, on September 15, 1853, the defendant had entered the land at the land office in Detroit as being still the property of the United States, and on June 15, 1856, he obtained a patent on this entry. The plaintiff purchased the land of the state on a day still later. This statement shows that the land in question was set apart as swamp lands before the defendant entered it, and that it was patented to the state before it was patented to the defendant. The defendant relies, however, on the act of congress "for the relief of purchasers and locators of swamp and overflowed lands," approved March 2, 1855, which directed the president to cause patents to be issued to purchasers and locators who had made entries of the public lands claimed as swamp lands prior to the issue of patents to the states, and made provision for compensating the states for any lands they might lose in consequence.—*10 Stat. at Large, 634.* If title to the land in question was vested in the state previous to the passage of this act, it can scarcely be claimed that any thing done under the act could divest it. A grant by congress to a state is no more subject to be recalled at the will of congress than a grant to an individual.

Recurring to the act of 1850, it will be seen that the words import a present grant to the state. The swamp and overflowed lands, it says, "shall be and the same are hereby granted" to the states. If the lands intended had at that time been properly identified in any manner, it would be difficult to contend that the act did not operate at once as a present conveyance. In *Railroad Company v. Smith, 9 Wall., 95,* where the controversy was between a claimant of swamp lands from the state, and a railroad company to which a grant had been made with an exception of the lands previously granted to the state by the act of 1850, it was decided that swamp lands were excepted from the grant to the railroad company, although they had not yet been designated by the secretary of the interior; the

grant to the states being a grant *in præsenti*.   And in *Railroad Company v. Fremont County, 9 Wall., 89*, it was held that when the swamp lands had been properly designated in the lists which the act contemplated, they became withdrawn from market and were no longer subject to private entry.   In other words, that the grant to the state made *in præsenti* by the act of 1850 had been made definite and certain in its application to particular parcels granted, by the lists which described and pointed them out. A subsequent patent might be convenient as an evidence of title, but it could not be necessary, for the act itself, when the lands were properly identified, was as effectual to transfer the title as any instrument it was in the power of the government to give.   These views are supported by *Branch v. Mitchell, 24 Ark., 431; Johnson v. Ballou, 28 Mich., 379 ; Allison v. Halfacre, 11 Iowa, 450 ; Bellows v. Todd, 34 Iowa, 18 ; Dart v. Hercules, 34 Ill., 395; Carroll v. Safford, 3 How., 441 ; Kissell v. St. Louis Public Schools, 18. How., 19 ; Cooper v. Roberts, 18 How., 173 ; Minnesota Mining Co. v. National Mining Co., 11 Mich., 186 ; Ballou v. O'Brien, 20 Mich., 304.*   See *Langdeau v. Hanes, 21 Wall., 521*, in which the office of a patent as a convenient instrument of evidence, where the title of the government has already been transferred by legislation in connection with other proceedings, is pointed out and explained.   And even if a patent were requisite to transfer the legal title under the act, it would, when given, relate back, for all purposes of cutting off intervening claimants, to the time when the right to the patent became perfected.— *Stark v. Starrs, 6 Wall., 402.*   And this, it has been seen, was previous to defendant's entry at the land office.

It was intimated on the argument that defendant was a preemptioner, and had acquired rights as such previous to the entry.   The record does not show the fact, and if it did, it is not seen that the legal title would be affected. The decisions are that preemption claims do not preclude

the government from disposing of the land until the pre-emptioner shall have made payment for the land.—*Frisbie v. Whitney, 9 Wall., 187; Hutchings v. Low, 15 Wall., 77.*

.The court below having sustained the defendant's title, the judgment must be reversed, with costs, and a new trial ordered.

GRAVES, CH. J., and CAMPBELL J., concurred.